UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK A. LYNCH, SR.,

        Plaintiff,

v.                   1:21-CV-0025
                        (GTS/ML)
POLICE OFFICER HANLEY; POLICE OFFICER
JOHN DOE; and COLONIE POLICE DEP'T,

        Defendants.
_____

APPEARANCES:                OF COUNSEL:

MARK A. LYNCH, SR.
 Plaintiff, *Pro Se*
101 Sweeney Apartments
Troy, New York 12180

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) and motion for appointment of counsel (Dkt. No. 3) filed by Mark A. Lynch, Sr. ("Plaintiff") to the Court for review. For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), (2) deny Plaintiff's motion for appointment of counsel without prejudice (Dkt. No. 3), and (3) recommend that Plaintiff's Complaint (Dkt. No. 1) be (a) accepted in part for filing, and (b) dismissed in part.

**I.      BACKGROUND**

On January 8, 2021, Plaintiff commenced this action by filing a verified Complaint, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel. (Dkt. Nos. 1, 2, 3.)

Construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by Police Officer Hanley and Police Officer John Doe, who are employees of the Colonie Police Department (collectively "Defendants"). (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that on or about October 3, 2020, as he exited the bathroom at Hannaford Supermarket in Latham, New York, a police officer stopped him, handcuffed him "without reason or probable cause," and held him in the Supermarket. (Dkt. No. 1 at 2.) Plaintiff alleges that although Supermarket personnel told Defendant Hanley that "they were not filing any charges" against Plaintiff, Defendants Hanley and Doe "continued to detain Plaintiff for over an hour in hand[]cuffs while looking for a crime to charge Plaintiff" with. (*Id*. at 2-3.) In addition, Plaintiff alleges that Defendant Hanley took Plaintiff's personal property that was in a bag in his shopping cart, which included household repair items such as paint brushes and Drano. (*Id*. at 3.) Plaintiff also alleges that when Plaintiff asked for his personal property to be returned, Defendant Hanley "just laughed at Plaintiff, as spectators looked on. Making Plaintiff look bad and a criminal." (*Id*.)

Based upon the foregoing allegations, the Complaint asserts the following two claims: (1) a claim that Plaintiff was falsely arrested in violation of the Fourth Amendment and 42 U.S.C. §

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

1983; and (2) a claim that Defendants deprived Plaintiff of his property in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.  (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks (1) a return of his property that was seized, (2) an apology, and (3) $2,000,000.00, for pain and suffering, mental stress, and loss of respect.  (Dkt. No. 1.)

## II.   PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

---

[2]   The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]   Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

3

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that a response be required to Plaintiff's Fourth Amendment claims of false arrest and deprivation of property against Defendants Hanley and Doe in their individual capacities. Further, I recommend dismissal of (1) Plaintiff's Fourteenth Amendment claim deprivation of property without prejudice but without the opportunity to amend, (2) Plaintiff's claims against Defendants Hanley and Doe in their official capacities with prejudice and without leave to amend, and (3)

5

Plaintiff's claims against Defendant Colonie Police Department be dismissed without prejudice and with leave to amend against a properly named defendant.

### A. Fourth Amendment

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. "By virtue of its incorporation through the Fourteenth Amendment's Due Process Clause, the Fourth Amendment is binding on states and, relevant here, municipalities such as" the Town of Colonie. *Tsinberg v. City of New York,* 20-CV-0749, 2021 WL 1146942 (S.D.N.Y. Mar. 25, 2021) (citing *City of Ontario v. Quon*, 560 U.S. 746, 750 (2010)). It "applies in the civil context as well" as the criminal. *Sodal v. Cook Cnty.*, 506 U.S. 56, 57 (1992) (collecting cases).

#### 1. False Arrest

"A § 1983 claim for false arrest, which derives from an individual's right under the Fourth Amendment to be free from unreasonable seizures, including arrest without probable cause, *see, e.g., Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a claim for false arrest under New York law." *Kates v. Greece Police Dep't*, 16-CV-6554, 2017 WL 11548970, at *3 (W.D.N.Y. Feb. 21, 2017) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)). "Under New York law, the elements of a false arrest and false imprisonment claim are: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (per curium)).

6

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's false arrest claim against Defendants Hanley and Doe in their individual capacities.

### 2. Deprivation of Property

A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Iverson*, 897 F.3d 450, 458 (2d Cir. 2018) (quoting *United States v. Jacobson*, 466 U.S. 109, 113 (1984)). The reasonableness of a seizure is the "ultimate standard under the Fourth Amendment." *Sodal*, 506 U.S. at 61 (citation omitted). The permissibility of any governmental seizure is thus "judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Delaware v. Prouse*, 440 U.S. 648, 654 (1979).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Fourth Amendment deprivation of property claim against Defendants Hanley and Doe in their individual capacities.

B.     **Fourteenth Amendment Procedural Due Process[5]**

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

"[A]ny constitutional procedural due process claim arising from an alleged deprivation of personal property is not cognizable under § 1983 because New York law provides an adequate post-deprivation remedy." *Pittman v. Billings*, 20-CV-0422, 2020 WL 2079440, at *3 (N.D.N.Y. Apr. 30, 2020) (Baxter, M.J.) (citing *Jimenez v. Goord*, 205 F.3d 1323, 1323 (2d Cir. 1999); *Ross v. Aramark Corp.*, 18-CV-2246, 2019 WL 1172383, at *6 (S.D.N.Y. Mar. 13, 2019); *Graham v. NYC Dep't of Corr. Svc*, 18-CV-0922, 2018 WL 2121593, at *2-3 (E.D.N.Y. May 8, 2018)), *report and recommendation adopted by* 2020 WL 2574631 (N.D.N.Y. May 21, 2020) (Sharpe, J.). "New York State provides an adequate post-deprivation remedy . . . for loss of personal property in the form of actions for negligence, replevin, and conversion, governed procedurally by New York's General Municipal Law, Ch. 24, Art. 4." *Pittman*, 2020 WL 2079440, at *3.

---

[5]    To the extent the Complaint is interpreted as asserting a substantive due process claim, I recommend that claim also be dismissed. To violate Plaintiff's substantive due process rights, Defendants' actions "must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" *Schaer v. City of New York*, 09-CV-7441, 2011 WL 1239836, at *6 (S.D.N.Y. Mar. 25, 2011) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)). "Only conduct that 'shocks the conscience' qualif[ies] as even potentially violative of plaintiffs' substantive due process rights." *Schaer*, 2011 WL 1239836, at *6 (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)). The allegations contained in the Complaint do not plausibly suggest that Defendants' actions approached the thresholds of arbitrary or outrageous.

In *Chaney v. City of Albany*, 16-CV-1185, 2019 WL 3857995, at *13 (N.D.N.Y. Aug. 16, 2019) (Mordue, J.), the court found that a proceeding under Article 78 also constitutes an adequate post-deprivation procedure for an individual who alleged that defendants seized a substantial amount of money that they failed to return.[6]  *Chaney*, 2019 WL 3857995, at *13 (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-82 (2d Cir. 1996) (citations omitted); N.Y. C.P.L.R. § 7801).

Here, the Complaint does not allege any facts plausibly suggesting that Plaintiff's New York state remedies are in any way inadequate or inappropriate.  (Dkt. 1.)  Plaintiff also has not alleged whether he attempted to utilize state remedies seeking the return of his property.  (*Id.*)

As a result, to the extent that Plaintiff attempts to assert a claim for violation of his right to due process pursuant to the Fourteenth Amendment for deprivation of property, I recommend that claim be dismissed.  *See Pittman*, 2020 WL 2079440, at *3-4 (recommending dismissal of the plaintiff's Fourteenth Amendment due process claim where the plaintiff alleged that the defendants—employees of the Cortland County—deprived him of $213.30, because the plaintiff had viable state court remedies available).

### C. Municipal Liability

#### 1. Claims Against the Colonie Police Department

As an initial matter, "[a] police department is an administrative arm of [a] municipal corporation," and "cannot sue or be sued because it does not exist separate and apart from the

---

[6]   "Article 78 proceedings provide an adequate remedy for those who seek to challenge any action or inaction by an administrative agency or officers of state or local government." *Hourihan v. Lafferty*, 58 F. Supp. 2d 10, 14-15 (N.D.N.Y. 1999) (Hurd, M.J.) (citing N.Y. C.P.L.R. § 7801).

9

municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (Hurd, M.J.); *see Hester-Bey v. Police Dep't*, 12-CV-3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (holding that "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws,'" and that "[t]he New York City Police Department is not a 'person' within the meaning of section 1983 [it] is therefore not a suable entity." (quoting 42 U.S.C. § 1983)).

Therefore, the Colonie Police Department is not a proper Defendant under § 1983, and it is recommended that the Colonie Police Department be dismissed as a party from this action. *See Kelly v. Colonie Police Dep't*, 20-CV-0721, 2020 WL 6465448, at *3 (N.D.N.Y. Sept. 21, 2020) (Hummel, M.J.) (recommending dismissal of defendant Colonie Police Department from claims alleging false arrest and malicious prosecution pursuant to the Fourth Amendment and 42 U.S.C. § 1983), *report and recommendation adopted by*, 2020 WL 6445901 (N.D.N.Y. Nov. 3, 2020) (Suddaby, C.J.).

To the extent that the Complaint may be interpreted as asserting a claim against the Town of Colonie, Plaintiff has failed to state a claim.

A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*,

603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly.

Finally, municipal liability can, under limited circumstances, be based upon a failure to properly train the municipality's employees. *Connick*, 563 U.S. at 51. However, municipal liability is most tenuous when a claim turns on the failure to train. *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell")). To satisfy the statute, a municipality's failure to train its employees must amount to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

There is no basis for municipal liability alleged in the Complaint. Plaintiff essentially complains of a single incident, during which the officers did not act properly. There is no indication that Plaintiff can assert a policy or custom which would support municipal liability based on these facts. In addition, none of Plaintiff's allegations reflect a failure to train or "deliberate indifference" to the rights of persons who would come into contact with Defendants Hanley and Doe.

As a result, to the extent that the Complaint may be read to allege a claim against the Town of Colonie, I recommend that it be dismissed at this time. *See Flagg v. NYS Division of Parole*, 19-CV-0886, 2019 WL 5002215, at *5 (N.D.N.Y. Aug. 15, 2019) (Baxter, M.J.) (citing

*DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)) ("A single incident, particularly if it involved individuals below the policy-making level is insufficient to state a *Monell* claim."), *report and recommendation adopted by*, 2019 WL 4963112 (N.D.N.Y. Oct. 8, 2019) (McAvoy, J.).

### 2. Claims Against Defendants Hanley and Doe in Their Official Capacities

"An official capacity suit against a municipal employee is a suit against the municipality itself." *Pittman*, 2020 WL 2079440, at *9. However, for the reasons set forth in Part IV.C.1. of this Order and Report-Recommendation, I find that Plaintiff in this case has alleged no facts that would state a claim against the Town of Colonie.

As a result, I recommend that any official capacity claims be dismissed at this time.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

With respect to Plaintiff's deprivation of property without due process claim under the Fourteenth Amendment, I recommend that such claim be dismissed without prejudice, but without the opportunity to amend in this case,[8] because he has viable state court remedies available for such deprivation. *See Pittman*, 2020 WL 2079440, at *9 (recommending dismissal without prejudice but without the opportunity to amend, the plaintiff's Fourteenth Amendment due process claim where the plaintiff had not exhausted viable state court remedies).

With respect to Plaintiff's municipal liability claims, I am unable to conclude with complete certainty that if permitted leave to amend his Complaint, Plaintiff could not assert a plausible claim against the Town of Colonie. Accordingly, I recommend that leave to amend be granted. *See Kelly*, 2020 WL 6465448, at *3 (recommending dismissal without prejudice and leave to amend claims pursuant to 42 U.S.C. § 1983 against a proper defendant, where the plaintiff asserted claims against the Colonie Police Department); *DeLee v. New York*, 20-CV-0549, 2020 WL 4288455, at *6 (N.D.N.Y. June 12, 2020) (Baxter, M.J.) (recommending dismissal with leave to amend, to the extent that the plaintiff's claims against the Syracuse Police Department may be interpreted as a claim against the City of Syracuse, for failure to state a

---

[7] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

[8] Because the dismissal is without prejudice, Plaintiff is free to continue to pursue his state court remedies for the return of his property.

claim), *report and recommendation adopted by*, 2020 WL 4284131 (N.D.N.Y. July 27, 2020) (Suddaby, C.J.); *Hester-Bey*, 2012 WL 4447383, at *2 (affording the *pro se* plaintiff leave to amend his complaint to name a proper defendant where his original complaint only alleged causes of action against the New York City Police Department).

However, I recommend that any claims against Defendants Hanley and Doe in their official capacities be dismissed without leave to amend. An official capacity suit against a municipal employee is a suit against the municipality itself and because I recommend that Plaintiff be granted leave to amend his Complaint to assert a claim against the Town of Colonie, any amendment with respect to Defendants Hanley and Doe in their official capacities, it is unlikely to be productive.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and

must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The application indicates that Plaintiff has been unsuccessful in his efforts to obtain counsel on his own from the private sector. (*Id.*)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

15

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks*, 114 F.3d at 392 (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). As a result, the motion is denied without prejudice so that Plaintiff will not be precluded from making a subsequent motion for appointment of counsel.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel to represent him in this action (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Fourth Amendment claims of (1) false arrest, and (2) deprivation of property, against Defendants Hanley and Doe in their individual capacities, **PROCEED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH THE OPPORTUNITY TO AMEND** Plaintiff's claim against the Town of Colonie, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITHOUT THE OPPORTUNITY TO AMEND** Plaintiff's Fourteenth Amendment claim of deprivation of property, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges claims for damages against Defendants Hanley and Doe in their official capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: April  1 , 2021
        Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[10]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).