UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK A. LYNCH, SR.,

                        Plaintiff,

v.                                                  1:21-CV-0025
                                                           (GTS/ML)

POLICE OFFICER HANLEY; POLICE OFFICER
JOHN DOE; and COLONIE POLICE DEPT.,

                        Defendants.
_____

APPEARANCES:

MARK A. LYNCH, SR.
  Plaintiff, *Pro Se*
101 Sweeney Apartments
Troy, New York  12180

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

        Currently before the Court, in this *pro se* civil rights action filed by Mark A. Lynch, Sr. ("Plaintiff") against two police officers and the Colonie Police Department ("Defendants"), is United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that (1) certain of Plaintiff's claims be *sua sponte* dismissed with prejudice (i.e., Plaintiff's claims against Defendant Colonie Police Department),[1]

 (2) to the extent that Plaintiff's Complaint may be liberally construed as asserting claims against the Town of Colonie, those claims be *sua sponte* dismissed "without prejudice and with the opportunity to amend [in this case]," (3) another of Plaintiff's claims be *sua sponte* dismissed

---

[1] Although this recommendation is omitted from the Report-Recommendation's "Recommended" paragraphs (on pages 16 and 17), it is contained in the body of the Report-Recommendation (on page 10).  (Dkt. No. 5, at 10, 16, 17.)

"without prejudice [to refiling in state court] and without the opportunity to amend [in this case]" (i.e., Plaintiff's claim of deprivation of property under Fourteenth Amendment against all Defendants), (4) certain of Plaintiff's claims be *sua sponte* dismissed "with prejudice and without leave to amend" (i.e., Plaintiff's claims for damages against Defendants Hanley and Doe in their official capacities, and Plaintiff's Fourth Amendment deprivation-of-property claim for injunctive relief against Defendants Hanley and Doe in their official capacities),[2] and (5) the remainder of Plaintiff's claims be permitted to proceed (i.e., Plaintiff's claim of false arrest under the Fourth Amendment against Defendants Hanley and Doe in their individual capacities, and his claim of deprivation of property under the Fourth Amendment against Defendants Hanley and Doe in their individual capacities). (Dkt. No. 5.) None of the parties has filed an objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court finds that, with two very minor exceptions as discussed in the following paragraphs, there is no clear-error in the Report-Recommendation.[3]

First, with regard to Magistrate Judge Lovric's second above-described recommendation

---

[2] Although the second claim in the parenthesis is omitted from the Report-Recommendation's "Recommended" paragraphs (on pages 16 and 17), it is contained in the body of the Report-Recommendation (on page 10). (Dkt. No. 5, at 9-12, 14, 16-17.)

[3] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

(i.e., that Plaintiff's claims against Defendant Colonie Police Department be *sua sponte* dismissed "without prejudice and with the opportunity to amend [in this case]"), the Court finds that a more efficient way to proceed would be to conditionally dismiss these claims with prejudice and without further Order of the Court unless, within thirty days of the date of this Decision and Order, Plaintiff files an Amended Complaint curing the pleading defects identified in these claims. This is because the Court finds that Plaintiff will not likely understand the deadlines and procedures set forth in Fed. R. Civ. P. 15 and Local Rule 15.1, and a motion to file a Second Amended Complaint might be filed if Plaintiff does not cure the defects in his Amended Complaint.

     Second, with regard to Magistrate Judge Lovric's third above-described recommendation (i.e., that Plaintiff's claims of deprivation of property under Fourteenth Amendment against all Defendants be dismissed "without prejudice [to refiling in state court] and without the opportunity to amend [in this case]") should instead be with prejudice. As an initial matter, dismissals with prejudice are entirely permissible, and indeed are common, under Fed. R. Civ. P. 12(b)(6).[4] Moreover, regardless of whether the dismissal of these claims is with or without

---

[4]     In the Second Circuit, the dismissal of an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) is viewed as an adjudication "on the merits" of the action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ("[A] dismissal under Rule 12(b)(6) is a dismissal on the merits of the action–a determination that the facts alleged in the complaint fail to state a claim upon which relief can be granted."). As a result, a district court possesses the authority to dismiss an action with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Spain v. Ball*, 928 F.2d 61, 62 (2d Cir. 1991) ("We believe the Title VII claim should have been dismissed with prejudice. . . . Accordingly, the dismissal of Spain's complaint is affirmed, and the judgment modified only insofar as it granted Spain leave to replead his Title VII claim."); *Shockley v. Vermont State Colleges*, 793 F.2d 478, 480-81 (2d Cir. 1986)

prejudice (Dkt. No. 5, at 13, n.8), Plaintiff may continue to pursue his state court remedies for the return of his property, because that pursuit arises under state law and not the Fourteenth Amendment (as does the claim being dismissed herein with prejudice).

Other than these two very minor issues, the Court finds that Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Colonie Police Department are *sua sponte* **DISMISSED** **with prejudice**; and it is further

**ORDERED** that, to the extent that Plaintiff's Complaint may be liberally construed as asserting claims against the Town of Colonie, those claims shall be **DISMISSED with prejudice** and without further Order of this Court **UNLESS**, **within THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint curing the pleading defects identified in these claims, which shall again be reviewed by Magistrate Judge Lovric; and it is further

**ORDERED** that Plaintiff's claim of deprivation of property under Fourteenth

---

("Appellant's pendent state contract claims were dismissed without prejudice while appellant's cause of action under Section 1983 was dismissed for failure to state a claim."); *Winters v. Alza Corp.*, 690 F. Supp.2d 350, 357 (S.D.N.Y. 2010) ("A dismissal pursuant to Rule 12(b)(6) is, of course, a dismissal with prejudice."); *Martens*, 190 F.R.D. at 137 ("Granting a motion under 12(b)(6) would dismiss a claim with preclusive effect . . . .").

Amendment against all Defendants is *sua sponte* **DISMISSED** **with prejudice**; and it is further

**ORDERED** that Plaintiff's claims for damages against Defendants Hanley and Doe in their official capacities, and Plaintiff's Fourth Amendment deprivation-of-property claim for injunctive relief against Defendants Hanley and Doe in their official capacities are *sua sponte* **DISMISSED** **with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claims (i.e., his claim of false arrest under the Fourth Amendment against Defendants Hanley and Doe in their individual capacities, and his claim of deprivation of property under the Fourth Amendment against Defendants Hanley and Doe in their individual capacities) **SURVIVE** the Court's *sua sponte* review of his Complaint; and it is further

**ORDERED** that the Clerk of Court shall forgo, for **THIRTY (30) DAYS**, issuing a Summons and forwarding it, along with copies of the Complaint, to the U.S. Marshal for service upon Defendants; and it is further

**ORDERED** that Plaintiff take reasonable steps through discovery to name and serve the Defendant John Doe, or his claims against that Defendant shall be **DISMISSED** for failure to prosecute and/or failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Dated: June 7, 2021
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge