**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARK A. LYNCH, SR.,

                          Plaintiff,                  1:21-cv-00025 (AMN/ML)

v.

POLICE OFFICER HANLEY and
POLICE OFFICER JOHN DOE,

                          Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

**MARK A. LYNCH, SR.**
Troy, NY 12180
Plaintiff, *Pro Se*

**COOPER, ERVING & SAVAGE, LLP**     **CAROLYN B. GEORGE, ESQ.**
39 North Pearl Street, 4th Floor
Albany, New York 12207
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* Mark A. Lynch, Sr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, Police Officer Hanley ("PO Hanley") and an unnamed Police Officer "John Doe" ("PO Doe"), of the Colonie Police Department ("CPD"), violated his Fourth and Fourteenth Amendment constitutional rights. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to Plaintiff's continued failure to comply with the Rule and numerous orders of the Court. Dkt. No. 49.

For the reasons set forth below, the Court hereby grants Defendants' motion to dismiss for failure to prosecute and orders Plaintiff's Complaint dismissed without prejudice.

## II. BACKGROUND

### A. Procedural History

On January 8, 2021, Plaintiff filed a civil rights form-complaint pursuant to 42 U.S.C. § 1983 against CPD, the Town of Colonie, PO Hanley, and PO Doe arising out of an altercation at the Colonie Hannaford Supermarket. Dkt. No. 1. Specifically, Plaintiff alleges that: (1) he was falsely arrested in violation of his constitutional rights under the Fourth Amendment; and (2) Defendants deprived Plaintiff of his property in violation of his constitutional rights under the Fourth and Fourteenth Amendments. *Id.* Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, and filed a motion seeking the appointment of counsel to represent him in this action, Dkt. No. 3. This matter was referred to Magistrate Judge Miroslav Lovric, who, on April 1, 2021, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP, denying Plaintiff's motion for appointment of counsel without prejudice, and recommending that only Plaintiff's Fourth Amendment claims of (1) false arrest; and (2) deprivation of property, against PO Hanley and PO Doe in their individual capacities, proceed. *See* Dkt. No. 5 ("Report-Recommendation").[1] On June 7, 2021, this Court (Suddaby, C.J.) accepted and adopted the Report-Recommendation. Dkt. No. 6 ("Decision and Order").

On August 11, 2021, Magistrate Judge Lovric ordered the Clerk of the Court to issue a summons as to PO Hanley and ordered Plaintiff to take reasonable steps through discovery to name

---

[1] Magistrate Judge Lovric advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* Plaintiff did not file objections to the Report-Recommendation.

and serve PO Doe, otherwise such claims would be subject to dismissal for failure to prosecute and/or failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 7. On October 15, 2021, PO Hanley and PO Doe (hereinafter "Defendants") filed an answer asserting twenty affirmative defenses. Dkt. No. 12.

On November 17, 2021, Magistrate Judge Lovric held an initial conference wherein he ordered all parties to file status reports by January 31, 2022, ahead of a further conference scheduled for February 18, 2022, Dkt. No. 16.[2] On January 31, 2022, Defendants filed a status report in compliance with Dkt. No. 16, stating that on December 30, 2021, they served Plaintiff with interrogatories, a request for production of documents, and a deposition notice, to which Plaintiff has not responded. Dkt. No. 18. On February 9, 2022, after Plaintiff failed to comply with Dkt. No. 16, Magistrate Judge Lovric directed Plaintiff to file a status report by February 16, 2022. Dkt. No. 19. The Order further stated that "**PLAINTIFF IS ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS OR FAILURE TO ENGAGE IN THE DISCOVERY PROCESS MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**"[3] *Id*.

On February 14, 2022, Plaintiff filed medical records, Dkt. No. 21, and a status report containing a notice of change of address and another motion for the appointment of counsel, Dkt. No. 20, which the Court again denied, Dkt. No. 22. On February 18, 2022, Plaintiff failed to join the scheduled conference and Magistrate Judge Lovric ordered that: (1) Plaintiff file a status report by March 8, 2022 explaining why he failed to join the conference; (2) Plaintiff serve all discovery

---

[2] Magistrate Judge Lovric also issued the Uniform Pretrial Scheduling Order requiring that (1) amended pleadings and joinder of parties due by January 31, 2022; (2) discovery due by September 30, 2022; and (3) dispositive motions to be filed by October 31, 2022. Dkt. No. 17.

[3] Magistrate Judge Lovric used this or similar language and emphasis in subsequent Orders directed at Plaintiff. *See* Dkt. Nos. 23, 30, 33, 36, 44, 48, 53.

3

and respond to all of Defendants' discovery demands no later than March 22, 2022; and (3) all parties file status reports by April 1, 2022.  Dkt. No. 23.

On March 4, 2022, Plaintiff filed a status report informing the court that he was living at a new address and stated that he "missed a telephone conference because he did not know about such conf[e]rence or completely forgot."  Dkt. No. 25.  On March 15, 2022, Plaintiff appealed Magistrate Judge Lovric's order denying counsel, Dkt. No. 26, and on March 18, 2022, Defendants submitted an affidavit in opposition to Plaintiff's appeal, Dkt. No. 28.  On April 4, 2022, Magistrate Judge Lovric directed the parties to comply with Dkt. No. 23 and file detailed status reports by April 11, 2022 as to the progress of discovery, including whether Plaintiff had complied with his discovery obligations.  Dkt. No. 30.  On April 5, 2022, Defendants filed a status report, Dkt. No. 31, and on April 13, 2022, Plaintiff filed a status report, Dkt. No. 32.  As detailed in the status reports of the parties, Plaintiff had not complied with his discovery obligations.

On April 14, 2022, Magistrate Judge Lovric directed Plaintiff to immediately comply with the Orders issued by the Court, including Dkt. No. 23, given Plaintiff's failure to serve or respond to discovery demands by the March 22, 2022 discovery deadline.  Dkt. No. 33.  On April 18, 2022, the Court denied and dismissed Plaintiff's appeal of Magistrate Judge Miroslav's Order denying appointment of counsel.  Dkt. No. 34.  On April 25, 2022, Plaintiff filed a letter motion requesting an extension of time to file an opposition.  Dkt. No. 35.  On April 26, 2022, Magistrate Judge Lovric denied Plaintiff's motion as moot as there were no motions filed or pending before the Court requiring a response or opposition filing from Plaintiff.  Dkt. No. 36.  Magistrate Judge Lovric reminded Plaintiff of Dkt. Nos. 17, 23, 30, and 33, and again advised Plaintiff that failure to comply with Court Orders may results in sanctions, including dismissal of the case.  *Id*.

On May 5, 2022, Plaintiff notified the Court of a change of address back to his previous

address. Dkt. No. 37. Plaintiff also filed a document containing interrogatories, which the Court struck as improperly filed on the docket. Dkt. No. 39. Defendants filed status reports on June 3, 2022, and August 8, 2022, reporting Plaintiff's continued failure to serve discovery demands or respond to Defendants' document demands. Dkt. Nos. 40, 43. On August 9, 2022, Magistrate Judge Lovric informed Plaintiff that he had violated the Court's Orders by failing to respond to the discovery demands Defendants served on December 30, 2021, Dkt. Nos. 31, 43, and again advised Plaintiff to immediately comply with Dkt. Nos. 23 and 33, as failure to comply could result in dismissal of the case. Dkt. No. 44. On August 17, 2022, Plaintiff filed a status report, requesting appointment of counsel, Dkt. No. 45, which Magistrate Judge Lovric again denied while reminding Plaintiff to immediately comply with Dkt Nos. 23 and 33. Dkt. No. 46.

On September 30, 2022, discovery closed without Plaintiff having participated in any way. On October 14, 2022, Defendants filed a letter informing the Court of their intention to file a dispositive motion as to Plaintiff's failure to respond or comply with the deadlines for discovery and that Plaintiff's Troy address and telephone number appear no longer valid. Dkt. No. 47. On October 17, 2022, Magistrate Judge Lovric granted Defendants' application and reminded Plaintiff that failure to comply with Court orders, failure to engage in discovery, or failure to promptly inform the Court in writing of any address change may result in sanctions including dismissal of the case. Dkt. No. 48.

### B. The Instant Motion

On October 20, 2022, Defendants filed a motion to dismiss for lack of prosecution claiming that Plaintiff ignored and/or failed to comply with Court-ordered discovery deadlines and has engaged in conduct that has shown a disregard for court procedures and a disinterest in prosecuting this action. Dkt. No. 49 ("Motion"). Defendants note that Plaintiff "never responded to the[ir]

demand for production of documents and failed to appear for an examination before trial on three scheduled dates," "served no discovery demands on his own," "failed to identify any experts," and "moved without informing the Court or defense counsel of his new address." *Id*. at 5.

On October 21, 2022, the Court mailed a copy of Notice to Plaintiff informing him that his response was due by November 10, 2022.  Dkt. No. 50.  Two and a half months after the deadline, on January 26, 2023, Plaintiff filed a response in opposition to the Motion, noting that he was having difficulty litigating the case and requesting appointed counsel for the fifth time.[4]  Dkt. No. 52 at 2 ("Plaintiff again request[s] appointment of counsel, and disagrees with the motion to Dismiss").  The parties have not filed any further briefs with the Court, and the Motion is thus ripe for determination.

### III.   LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  District courts have an "inherent power" to dismiss an action based on plaintiff's failure to prosecute or comply with an order of the court pursuant to Rule 41(b).  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  This authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to

---

[4] On January 27, 2023, Magistrate Judge Lovric denied Plaintiff's request for appointment of counsel for the reasons set forth in the Court's earlier Orders, *see* Dkt. Nos. 5, 22, 34, 46, including that "[i]t is well-settled that there is no right to appointment of counsel in civil matters" and "nothing indicates that Plaintiff is unable to investigate the facts alleged", and further directed Plaintiff to immediately comply with the Orders issued by the Court.  Dkt. No. 53.

overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982). However, dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quotation omitted), especially in circumstances where a plaintiff is proceeding *pro se*, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's decision to dismiss a *pro se* complaint "only when the circumstances are sufficiently extreme"). Notwithstanding a plaintiff's *pro se* status, failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics" such as "repeated requests for continuances or persistent late filings of court ordered papers." *Lyell Theatre Corp*, 682 F.2d at 42.

In determining whether dismissal under Rule 41(b) is warranted, courts in the Second Circuit consider the following five factors, none of which are dispositive: (1) the duration of the plaintiff's failure to comply with orders of the court; (2) whether the plaintiff received notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between the court's interest in managing its docket and plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered lesser sanctions than dismissal. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535); *see also United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004).

IV. **DISCUSSION**

In ordering the dismissal of Plaintiff's Complaint, the undersigned is cognizant that dismissal is considered a harsh remedy, especially in an action brought by a *pro se* plaintiff. *See LeSane,* 239 F.3d at 209. However, Plaintiff has not taken any meaningful action to advance his

case and has continuously failed to timely communicate with the Court and Defendants. As such, the Court finds that all five factors considered in deciding a Rule 41(b) motion favor dismissal.

In examining the first factor, the Court considers two inquiries: (1) whether the delays associated with the failures to prosecute were those of the plaintiff, and (2) whether the duration of these delays existed for a significant period. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d. Cir. 2001)). This action has been pending for over two years and no discovery has been completed as Plaintiff never served discovery demands of his own and never responded to the Defendants' December 30, 2021 demands. Dkt. No. 33; Dkt. No. 49-7 at 2. Plaintiff failed to appear for a deposition on July 26, 2022 after Defendants unilaterally scheduled it due to Plaintiff's failure to choose a date from forty-three offered dates over a three-month period. Dkt. No. 49-1 at 5; Dkt. No. 49-4. Plaintiff's deposition was rescheduled twice more, for August 4 and 16, 2022, both of which were cancelled by Plaintiff. *Id*. Plaintiff's only participation in the prosecution of this case has been to request appointment of counsel, which he has done unsuccessfully five times since filing the Complaint. *See* Dkt. Nos. 5, 22, 34, 46, 53. As such, the delays in this case were caused by the Plaintiff. *See Drake*, 375 F.3d at 255.

Although there is no "magic number" to determine whether Plaintiff's delay endured for a "significant" period, *see Ransom v. United States*, No. 1:09-CV-1272 (MAD/RFT), 2011 WL 2893067, at *5 (N.D.N.Y. July 15, 2011) (citing *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y. 2000), the Court notes that Northern District New York Local Rule 41.2(a) provides that "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Here, Plaintiff has not taken any action to further this litigation since he filed an opposition to Defendants' motion to dismiss on January 26, 2023, despite Magistrate Judge Lovric issuing a text order the following day which directed Plaintiff to immediately comply with the

Orders issued by the Court. *See* Dkt. Nos. 52, 53; *see also Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (holding that failure to respond to proposed dates for deposition for over nine months weighs in favor of dismissal). Furthermore, Plaintiff has been noncompliant in the discovery process or otherwise progressing this litigation since December 2021. *See* Dkt. Nos. 17, 49; *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) ("[T]he duration of [plaintiff's] noncompliance was significant: by the time the court issued its decision, eleven months had passed since [plaintiff's] response to discovery demands was first due."). In the context of Rule 41(b) dismissals, the Second Circuit has found delays far less than this to be sufficient to support dismissal. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (seven months); *Lucas*, 84 F.3d at 535 (thirty-nine days); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (six months). As such, this factor weighs squarely in favor of dismissal.

Regarding the second factor, Plaintiff was certainly on notice that further delay could result in dismissal. *See Clarke v. WestRock Servs.*, No. 2:18 CV 802 (ENV) (CLP), 2020 WL 13664144, at *7 (E.D.N.Y. Aug. 6, 2020) ("noncompliance is willful where the party has received notice of the Court's order and repeatedly fails to comply") (citations omitted). As discussed above, Plaintiff continuously failed to comply with discovery deadlines and Court Orders, *see* Dkt. Nos. 23, 33, despite receiving notice from the Court on six occasions that such failures could result in sanctions, including dismissal of the case pursuant to Rule 41, *see* Dkt. Nos. 19, 30, 33, 44, 46, 48. Therefore, this factor weighs in favor of dismissal. *See, e.g.*, *Chavis v. City Of New York,* No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (dismissal after two warnings); *Leybinsky v. United States Citizenship And Immigration Services*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (dismissal after one warning).

As to the third factor, Defendants have been prejudiced as a result of Plaintiff's failure to adhere to Court Orders.  *See Lyell*, 682 F.2d at 43 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed").  Defendants have been deprived of crucial information required to prepare their defense, given that Plaintiff never responded to Defendants' discovery demands and failed to appear at deposition on three separate scheduled occasions.[5]  Dkt. No. 49-1 at 5; s*ee Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.").  Therefore, Defendants have demonstrated actual prejudice and this factor weighs in favor of dismissal.

As to the fourth factor, the Court finds that the Court's interest in managing the docket outweighs Plaintiff's interest in receiving further opportunity to be heard.  *See Lucas*, 84 F.3d. at 535.  A plaintiff's interest in receiving a fair opportunity to be heard is sufficiently protected where the plaintiff receives specific notice that his or her claims are in danger of dismissal and fails to act upon that notice.  *See McMillan v. Bowers*, No. 9:21-CV-0889 (LEK/CFH), 2022 WL 19405935, at *4 (N.D.N.Y. Nov. 28, 2022), *report and recommendation adopted,* No. 9:21-CV-0889 (LEK/CFH), 2023 WL 2534413 (N.D.N.Y. Mar. 16, 2023) (weighing this factor in favor of dismissal where plaintiff failed to appear at a telephone conference, notify the court and all parties of any change in address, and abide by court orders and deadlines despite receiving notice that failure to do so will result in dismissal).  Plaintiff was directed to respond to all discovery demands no later than March 22, 2022, and all discovery was due to have been completed by September 30,

---

[5] Defendants' showing of prejudice included difficulties contacting Plaintiff, citing that the telephone number he provided "belonged to someone else," Dkt. No. 49-6 at 3, and mail sent to Plaintiff's updated address was returned as undeliverable. Dkt. No. 49-1. Defendants further filed a request with the Troy Post Office requesting Plaintiff's forwarding address.  Dkt. No. 49-6.

2022. Dkt. No. 17. However, Plaintiff's participation has largely been limited to repetitive requests for counsel, Dkt. Nos. 5, 22, 34, 46, 53, and improper or unnecessary filings and motions, Dkt. Nos. 21, 35, 38, 39. Plaintiff has thus made clear that he is unable to effectively prosecute his case under the rules and Court Orders, and the result is congestion on the Court's docket. Though certainly not "vexatious," Plaintiff's failure to prosecute is more than "silent"; Plaintiff has acknowledged that he has neither the time nor capability to effectively prosecute this case, *see* Dkt. No. 52, and the Court cannot indefinitely wait for Plaintiff to proceed. *See Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) ("[C]ourts distinguish between failures to prosecute based on vexatious and burdensome conduct versus silent unobtrusive failures to prosecute in which the plaintiff simply does not file the requisite papers") (internal quotation marks omitted). Furthermore, the Court reminded Plaintiff on at least eight occasions that his continued failure to comply with Court Orders could result in sanctions including the dismissal of his claims, Dkt. Nos. 19, 23, 30, 33, 36, 44, 48, 53, providing Plaintiff multiple opportunities to be heard. *See McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Therefore, this factor also weighs in favor of dismissal.

As to the final factor, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff, or this litigation, given Plaintiff's repeated refusals to comply with Court Orders or the discovery process. *See Anthony v. Lyons,* No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1701754, at *5 (N.D.N.Y. Apr. 12, 2021), *report and recommendation adopted*, No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021) ("imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a

lesser sanction would not motivate him to participate in this action") (citations omitted).  This litigation has been pending since January 8, 2021, Dkt. No. 1, and Plaintiff's ongoing refusal to comply with Court Orders demonstrates that "there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action."  *Lando v. Claudio*, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701719, at *4 (N.D.N.Y. Apr. 21, 2022), *report and recommendation adopted*, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701572 (N.D.N.Y. Aug. 26, 2022).  Nevertheless, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is appropriate, permitting Plaintiff to bring this lawsuit at another time if and when he is prepared to diligently litigate it.  *See Cintron v. Gettman*, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *3 (N.D.N.Y. May 1, 2017), *report and recommendation adopted sub nom.* No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303990 (N.D.N.Y. May 25, 2017) (recommending dismissal without prejudice after plaintiff failed to appear for two scheduled depositions).

As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal, and therefore, the Court grants Defendants' Motion.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss, Dkt. No. 49, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2023
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge